

# NUMBER 13-08-00320-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

FRESENIUS MEDICAL CARE
OF BROWNSVILLE AND
FRESENIUS MEDICAL CARE, N.A.,                                    **Appellants,**

**v.**

MARTINIANO GARCIA
AND RAQUEL GARCIA,                                               **Appellees.**

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Yañez

Appellants, Fresenius Medical Care of Brownsville and Fresenius Medical Care, N.A., appeal from the trial court's denial of their motion to dismiss a suit filed by appellees, Martiniano Garcia and Raquel Garcia. By one issue, appellants challenge the trial court's denial of their motion to dismiss alleging that appellees' causes of action were health care liability claims and that appellees did not file the required expert report.[1] We reverse and remand.

### I. BACKGROUND

---

[1] No appellees' brief has been filed to assist us in the resolution of this case. Accordingly, we decide this appeal based on the brief filed by appellants and the record before us.

On June 26, 2007, appellees filed their original petition alleging that Martiniano had been injured while receiving dialysis treatment on appellants' premises. Appellees claimed that "clinic personnel dropped [Martiniano] to the floor while moving him from his wheelchair," thus causing his injury.

On March 17, 2008, appellants filed a motion to dismiss appellees' suit for failure to file an expert report as required by section 74.351 of the Texas Civil Practices and Remedies Code.[2] Appellees filed a response asserting that no expert report was required because their causes of action were not health care liability claims. Appellees argued that the "matter involved a deviation from a standard of ordinary care" and that "a statute-specific requirement of an expert report [was] inapposite."

The trial court heard and considered appellants' motion to dismiss on May 7, 2008. After concluding that appellees' suit was not a health care liability claim but merely an ordinary negligence case, the trial court denied appellants' motion to dismiss. Appellants then filed this interlocutory appeal pursuant to section 51.014(a)(9) of the Texas Civil Practices and Remedies Code.[3]

## II. HEALTH CARE LIABILITY CLAIM

By their sole issue, appellants contend that the trial court abused its discretion by denying their motion to dismiss because the appellees' causes of action were health care liability claims requiring an expert report. Specifically, appellants argue: (1) appellees' claims of "negligent patient transfer are based on patient medical care or based on patient safety directly related to medical care, and thus are 'health care liability claims' governed by Ch. 74"; (2) appellees' claims will require an expert report; and (3) appellees' claims do not involve general negligence.

### A. Standard of Review

We review a trial court's denial of a motion to dismiss under an abuse of discretion

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2009).

[3] *See id*. § 51.014(a)(9) (Vernon 2008).

2

standard.[4]  A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner.[5]  Whether a cause of action is a health care liability claim is a question of law we review de novo.[6]

**B.  Applicable Law**

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[[7]]

A cause of action is a health care liability claim and subject to the expert report requirement if it is against a "health care provider or physician" and is based on "treatment, lack of treatment or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care."[8] A cause of action alleges a departure from accepted standards of safety if the complained-of act or omission is an inseparable part of the rendition of medical services.[9]

When determining whether a cause of action is a health care liability claim, we look to the underlying nature of the claim and not the labels used by the claimants.[10]  A party cannot avoid the requirements of section 74.351 through artful pleading if the essence of the suit is a health care liability claim.[11]

---

[4] *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Christus Spohn Health Sys. Corp. v. Sanchez*, 299 S.W.3d 868, 876 (Tex. App.–Corpus Christi 2009, pet. denied); *Kendrick v. Garcia*, 171 S.W.3d 698, 703 (Tex. App.–Eastland 2005, pet. denied).

[5] *Kendrick*, 171 S.W.3d at 703 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

[6] *Tesoro v. Alvarez*, 281 S.W.3d 654, 656 (Tex. App.–Corpus Christi 2008, no pet.); *Lee v. Boothe*, 235 S.W.3d 448, 451 (Tex. App.–Dallas 2005, no pet.).

[7] Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

[8] *Id.* § 74.001(a)(13) (Vernon 2005) (defining a "health care liability claim" as a cause of action against "a health care provider or physician for treatment, lack of treatment or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract").

[9] *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 814 (Tex. App.–Corpus Christi 2006, no pet.).

[10] *Id.*

[11] *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005).

## C. Discussion

The issue in this case is whether appellees' causes of action were health care liability claims.[12] Therefore, we must examine the underlying nature of appellees' claims.[13] In their original petition, appellees stated the following facts:

    8.      On or about July 19, 2007, [Martiniano] entered upon [the appellants'] premises for the purpose of medical care. He entered on the said property . . . to engage in the act of undergoing dialysis.

    9.      During the time that [Martiniano] was upon . . . [the] property, [he] was seriously injured as a result of a dangerous condition in that clinic personnel dropped him to the floor while moving him from his wheelchair.

Appellees claimed that appellants were liable for Martiniano's injury because appellants' "agents, servants, and employees negligently permitted personnel to handle patients in a careless manner." Furthermore, appellants and any of their "agents, who were acting in the scope of their employment, were guilty of negligent conduct toward [appellees] in carelessly and recklessly dropping [Martiniano]."

In *Valley Baptist Medical Center v. Azua*, this Court concluded that a plaintiff's cause of action was a health care liability claim under similar facts.[14] In that case, the plaintiff asserted that while being assisted into a wheelchair by the defendant's employee, the employee failed to block the wheels of the wheelchair, causing the plaintiff to fall and injure herself.[15] On appeal, the plaintiff did not dispute that she was a patient at the clinic receiving dialysis treatment.[16] We concluded that the plaintiff's claim was "clearly an inseparable part of the rendition of medical services."[17]

Here, appellees alleged in their petition that, while Martiniano was a patient seeking

---

[12] In their response to appellants' motion to dismiss, appellees conceded that appellants are health care providers. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13).

[13] *Azua*, 198 S.W.3d at 814.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* (citing *Diversicare*, 185 S.W.3d at 848).

dialysis treatment from appellants, an employee negligently assisted him from his wheelchair causing him to fall.[18] The activity of transferring patients from a wheelchair while receiving treatment is an inseparable part of the rendition of medical services.[19] Therefore, appellees' causes of action are health care liability claims.

Because appellees' lawsuit is a health care liability claim and appellees failed to file an expert report, upon appellants' motion to dismiss, the trial court was statutorily required to dismiss appellees' lawsuit with prejudice.[20] Therefore, we conclude that the trial court abused its discretion by denying appellants' motion to dismiss and sustain appellants' sole issue on appeal.[21]

## III. CONCLUSION

We reverse the trial court's order denying appellants' motion to dismiss and remand to the trial court to (1) dismiss appellees' lawsuit against appellants with prejudice, and (2) award reasonable attorney's fees and costs of court to appellants, as required by statute.[22]

LINDA REYNA YAÑEZ,
Justice

Delivered and filed the
6th day of May, 2010.

---

[18] In their brief, appellants assert that Martiniano fell when the nurses were assisting him from his wheelchair to the dialysis chair during his treatment. Appellees have not contradicted the facts as stated by appellants. Therefore, we "accept as true" the facts stated in appellants' brief. *See* TEX. R. APP. P. 38.1(f).

[19] *See Azua*,198 S.W.3d at 814; *see also Outpatient Ctr. for Interventional Pain Mgmt., P.A. v. Garza*, Nos. 13-07-00411-CV & 13-07-00762-CV, 2008 Tex. App. LEXIS 4801, at *9-10 (Tex. App.–Corpus Christi June 26, 2008, no pet.) (mem. op.) (concluding that plaintiff's claim that hospital personnel failed to properly lock and secure the wheelchair when transporting her from her wheelchair was a health care liability claim); *Devereaux v. Harris County Hosp. Dist.*, No. 01-05-00706-CV, 2007 Tex. App. LEXIS 2224 at *13 (Tex. App.–Houston [1st Dist.] Mar. 22, 2007, no pet.) (mem. op.) (holding that plaintiff's claim for injuries when she was not properly assisted into wheelchair was a health care liability claim); *Wilson v. Austin Nursing Ctr.*, No. 03-00-00800-CV, 2002 Tex. App. LEXIS 6886, at *19 (Tex. App.–Austin Sept. 26, 2002, pet. denied) (not designated for publication) (determining that the plaintiff's presence in the wheelchair while at a medical center was an inseparable part of the health care services provided by the medical center).

[20] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

[21] *See Palacios*, 46 S.W.3d at 875; *Sanchez*, 299 S.W.3d at 876; *Kendrick*, 171 S.W.3d at 703.

[22] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).